# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00305-APG-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| ROBERTO PASCACIO-GARCIA, | |
| Defendant. | |

Presently before the court is Defendant's Emergency Motion for Status Conference (ECF No. 20), filed on November 25, 2019. The government responded on November 26, 2019 (ECF No. 23), and Defendant replied on November 27, 2019. (ECF No. 28.)

## BACKGROUND

On November 1, 2019, Magistrate Judge Albregts authorized a complaint charging Roberto Pascacio-Garcia with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 23 at 1 (Government's Resp. to Emergency Mot.).) It appears that at the time the Complaint was authorized, Pascacio-Garcia had already been detained in immigration custody for the purpose of removing him from the country. (*Id.*) The government further represents that after the arrest warrant was issued, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (AFT) and Homeland Security Investigations (HSI) transported Pascacio-Garcia out of immigration custody and into the custody of the United States Marshal (USMS) for his initial appearance. (*Id.* at 2.)

On November 6, 2019, this court ordered the release of Pascacio-Garcia with conditions pending trial pursuant to the Bail Reform Act. (ECF No. 7.) The government explains that given Pascacio-Garcia was subject to the preexisting ICE detainer, USMS returned him to ICE custody. (*Id*.) The following day, the government requested the issuance of a writ ad prosequendum for

Pascacio-Garcia's appearance at the preliminary hearing, which was scheduled for November 26, 2019.[1] (ECF No. 12.) Magistrate Judge Albregts granted that writ on November 8, 2019. (ECF No. 15.) That same day, Pascacio-Garcia was transferred back into USMS custody. (ECF No. 23 at 2.) Pascacio-Garcia did not object to the request or the issuance of the writ.

On November 25, 2019, Pascacio-Garcia filed an emergency motion for a status check explaining that he had been detained in USMS custody pursuant to the writ ad prosequendum and that the writ was allowing the government to circumvent this court's release order. (ECF No. 20.)

The government responded that ICE detention and the transfer into USMS custody pursuant to the writ was proper. (ECF No. 23 at 2.) The government cited to cases such as *United States v. Soriano-Nunez*, 928 F.3d 240 (3rd Cir. 2019); *United States v. Vasquez-Benitez*, 919 F.3d 546 (D.C. Cir. 2019); *United States v. Veloz-Alonso*, 910 F.3d 266 (6th Cir. 2018); and *United States v. Zarate*, No. 2:19-cr-152-JAD-NJK (D. Nev. Oct. 11, 2019) for the proposition that "every circuit court that has addressed this issue has concluded that a criminal defendant's release on conditions pursuant to the Bail Reform Act does not preclude pre-trial detention pursuant to the Immigration and Nationality Act." (ECF No. 23 at 2-3.) In addition, the government argues that because ICE may detain Pascacio-Garcia regardless of a release order under the Bail Reform Act, a writ ad prosequendum is needed to ensure not only that his constitutional rights be protected but also, and somewhat more germane to the real issue at hand, to prevent his removal. (*Id.* at 5-6.) Lastly, the government noted Pascacio-Garcia's argument focuses on the writ ad prosequendum and, therefore, the issue should have been raised with Magistrate Judge Albregts or with Magistrate Judge Koppe moving forward. (*Id.* at 6 n. 5.)

At the hearing on November 26, 2019, the court requested Pascacio-Garcia reply to the government's position and invited the government to also file any additional points and

---

[1] The preliminary hearing was vacated once Pascacio-Garcia was indicted on November 20, 2019. (ECF No. 18.) The arraignment and plea date was set for November 27, 2019. (ECF No. 19.)

authorities it wished the court to consider by the following day at 5 p.m. This court also set a hearing for December 2, 2019. (ECF No. 24.)

Pascacio-Garcia filed its reply on November 27, 2019, requesting this court to release him as previously ordered and additionally to order "his immediate release from U.S. Marshal custody" so he can be returned to ICE custody. (ECF No. 20, 28.) Pascacio-Garcia does not seem to take issue with the cases the government relies on, but argues that they simply stand for the proposition that "defendants in criminal cases who are released under the Bail Reform Act (BRA) who are subject to an Immigration and Customs Enforcement (ICE) detainer can be detained in ICE custody pending resolution of their immigration cases." (ECF No. 28 at 1-2.) Indeed, he requests to be returned to immigration custody for immigration related-purposes. (*Id.* at 2.) In addition, he argues that reliance of *United States v. Zarate* is misplaced as the defendant in that case, unlike Pascacio-Garcia, was able to fight her removal and was subjected to a very limited use of writs ad prosequendum (these were filed 8, 4 and 3 days before each hearing compared to the writ in this case which was filed on November 8, 2019 for a preliminary hearing to be held November 26, 2019.) (*Id.* at 3.) Pascacio-Garcia argues that the writs ad prosequendum should be utilized in the same manner as those in *Zarate*: they should be filed shortly before each hearing and, in the interim, he should be placed back in immigration custody. (*Id.*) Finally, Pascacio-Garcia relies on *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015) and *United States v. Diaz-Hernandez*, 2019 WL 6333703 (9th Cir. Nov. 19, 2019) for the proposition that the government cannot use a writ in order to prevent his removal. Lastly, he requests the presence of the USMS to provide information on the standard processing of writs and to provide the Court with all communication, electronic or otherwise, between the United States Attorney's Office regarding the writs issued in this case. (ECF No. 28 at 4.)

**DISCUSSION**

Here, Pascacio-Garcia is requesting that this court "release him from U.S. Marshal custody" so that he can have access to the INA's statutory scheme. (*Id.* at 1-2 ("The principles of these cases, and one this Court should follow, is that an individual released under the BRA is not immune from detention and the statutorily required processing of them in immigration

proceedings. Mr. Pascacio-Garcia is simply requesting that be done for him in this case.").) This court has already released Pascacio-Garcia pursuant to the Bail Reform Act. It is clear Pascacio-Garcia's main objection is to the government's use of the writ ad prosequendum issued on November 8, 2019 (or at least the timing of its request and execution). But this court did not issue that writ.[2] The government has already represented that it will seek another writ "to bring Pascacio-Garcia into USMS custody so that he is available for that trial date." (ECF No. 23 at 5.) As a result, whether writs can be issued, and the purpose and manner in which they are issued, are matters that need to be brought before the court issuing such writs.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Pascacio-Garcia's motion is DENIED, as this is not the proper forum to seek such relief. He is further instructed to request the relief he seeks here with the appropriate court at the appropriate time.

DATED: December 2, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] On November 27, 2019, the government requested the issuance of another writ for the appearance of Pascacio-Garcia at the hearing set for December 2, 2019. (ECF 25.) This request was granted. (ECF No. 26.) Thus, it appears that Pascacio-Garcia may have been returned to ICE custody on November 26, 2019 and placed back into Marshal custody on November 27, 2019.