# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROBERTO PASCACIO-GARCIA,
    Defendant.

Case No.: 2:19-cr-00305-APG-NJK

**ORDER**

(Docket No. 31)

Pending before the Court is Defendant Roberto Pascacio-Garcia's motion to quash writ as premature or, in the alternative, request to limit the timeframe of the writ to protect Mr. Pascacio-Garcia's due process rights. Docket No. 31. The Court has considered Defendant's motion, the United States' response, Defendant's reply, and Defendant's manual filing. Docket Nos. 31, 37, 42, 43.

Defendant submits that, at his detention hearing on the instant case, he was ordered released with conditions pending trial. Docket No. 31 at 1. Although Defendant's motion fails to so state, the record is clear that he is currently in the custody of United States Immigration and Customs Enforcement ("ICE"). *See, e.g.*, Docket No. 29 at 1. Defendant asks the Court to quash the writ requested by the United States on December 2, 2019. Docket No. 31 at 2. The petition for the writ was filed to secure Defendant's appearance at his calendar call on January 21, 2020. *Id.*[1] Defendant submits that the United States is "using the writs to detain" him in United States Marshal

---

[1] The United States subsequently filed a petition for a writ to secure Defendant's presence at his arraignment and plea on December 12, 2019. Docket No. 38. The Court granted the United States' petition on December 5, 2019, and the writ issued the same day. Docket Nos. 40, 41.

custody "for extended periods to circumvent" both the order of release and "ICE's statutory mandate to proceed with" his immigration case. *Id*. at 2-3. Defendant relies upon a prior case in this case, where petitions for writs were filed closer in proximity to the Court date for the proposition that the petition in the instant case is premature. *Id*. at 3. If the Court issues the writ, however, Defendant asks without authority for the Court to order that he is to remain in United States Marshal custody for no more than three days prior to his court hearing. *Id*.

In response, the United States submits that Defendant seeks to "evade this federal prosecution through deportation." Docket No. 37 at 1. The United States submits that Defendant is subject to an ICE detainer and scheduled for removal. *Id*. The writ, the United States submits, allows the United States Marshals to "borrow" Defendant from ICE custody to appear in this Court on the instant case. *Id*. Otherwise, the United States submits, "ICE may transfer [Defendant] out of the state (if he chooses to litigate his immigration proceedings) or remove him from the country entirely." *Id*. The United States submits that the requested writ "ensures that [Defendant] will remain in this District to face his federal charge while upholding [his] Constitutional rights … while he awaits trial." *Id*. at 1-2. The United States submits that the requested writ is not premature, as it is necessary to allow Defendant to face the charges in the instant case without being transferred by ICE to another district or out of this country. *Id*. at 6-7. The United States further submits that Defendant submitted no authority to support his contention that the requested writ is premature and that, in fact, a writ can remain in effect until the time the instant case ends. *Id*. at 7-8.

In reply, Defendant submits that the United States is using the requested writ to impose "extended and unlawful pretrial detention" upon him. Docket No. 42 at 2. Defendant submits that the United States solely wants to prevent him from being deported prior to the conclusion of the

2

instant case. *Id*. at 4-5.  Defendant further submits that *United States v. Zarate*, 2:19-cr-0152-JAD-NJK, Docket No. 61 (D.Nev. Oct. 11, 2019) compels the United States to request writs only days before a specific hearing.  *Id*. at 5.

The Court finds that Defendant has failed to present authority to support his contention that the petition for writ is premature.  Defendant relies upon *Zarate*; however, the issue of how far in advance of a hearing a writ must be requested was not addressed in *Zarate*.  Further, although Defendant relies on *Zarate* for the proposition that a writ must be requested prior to each hearing before this Court, that issue was also not addressed in *Zarate*.  All motions before this Court must be supported by points and authorities.  LCR 47-1.  Here, Defendant has failed to provide supporting authority for his contention that the requested writ is premature, as well as for his alternative request for relief.  Accordingly, Defendant's motion, Docket No. 31, is **DENIED**.

IT IS SO ORDERED.

DATED: December 10, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE